JACOB TINNIRELLO, AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ANTHONY TINNIRELLO, DECEASED, PLAINTIFF, v. ALBERT I. LODWICK, DEFENDANT.

Submitted May 5, 1931—Decided October 5, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff, *Joseph H. Gaudielle* and *James A. Major*.

For the defendant, *Reginald V. Spell* and *Reynier J. Wortendyke, Jr.*

Per Curiam.

This suit was brought under the Death act. The action resulted from a cross-road automobile accident on September 29th, 1929, in Paterson, in which Anthony Tinnirello was killed. He was driving a Ford south on River Drive, having just left the police station. The defendant was driving a larger and heavier car west on Market street. The streets cross one another at right angles. The accident occurred about eleven o'clock at night.

On this rule it is argued that the testimony did not justify a verdict against the defendant.

After the administrator had made proof of matters within his knowledge, two police officers were called who had been talking to the deceased but shortly before the occurrence. They saw him drive slowly off in his car with the lights lit and stop at the intersection for traffic. After he had started across Market street they heard the hum of something like an airplane and saw the cars collide. The defendant's car struck the car deceased was riding in about opposite the driver's seat and threw the car against a police booth some distance away. The impact was so great that the booth was knocked over and the deceased was later picked up from under the wheels of the defendant's car, which landed up against the curb some distance from the first impact. There was testimony that the defendant's car was being driven at between sixty or sixty-five miles an hour.

Besides this positive evidence there was direct corroboration of many of the important details in the testimony of a boy riding with the deceased and a garage man who had a place of business in the neighborhood. All the plaintiff's witnesses seem clear as to placement of the cars after the collision, the position of the deceased's body and the high speed of defendant's car shortly before the accident and the fact that the lights on the dead boy's Ford were lit.

The defendant admits a speed of thirty miles an hour, but testified that he did not see the other car until he was four feet away because it had no lights. A bystander, called by the defendant, places the speed of defendant's car at

forty-eight to fifty miles an hour and expressed some doubt, not evidential, as to the lights upon the car of the deceased boy.

An attempt was made to discredit the police officers' testimony by alleged contradictory statements to an investigator named Barnes. A proper foundation was, of course, laid for this testimony.

There was an abundance of testimony to support the verdict of the jury. Any other finding would have been against the clear weight of the evidence.

The rule will be discharged, with costs.